UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROYALTON MCCAMEY,

    Plaintiff,

    v.

OAKLAND POLICE DEPT., et al.,

    Defendants.

Case No. 15-cv-00099-JST

**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND**

## INTRODUCTION

On November 28, 2014, plaintiff, who was then an inmate at the San Francisco County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has since informed the Court that he has been released and is residing in San Francisco. Plaintiff is granted leave to proceed in forma pauperis by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the complaint is dismissed with leave to amend.

## BACKGROUND

In his complaint, plaintiff alleges that the Oakland Police Department and a Safeway Store manager made statements that were untrue. Specifically, they made statements that plaintiff had "robbed, assaulted, carjacked, and kidnapped people." Dkt. 2 at 3. According to plaintiff, these statements prompted an unnecessary "Amber Alert" and placed his life in danger, along with the lives of his daughter and granddaughter. In addition to suing the Oakland Police Department, the

Safeway Store Manager (whom plaintiff does not name), and Safeway Stores, Inc., plaintiff names as defendants "Bay Area Channels 2, 4, 5, and 7," "Sacramento Channels, 3, 10, and 13," "Alameda News," "Internet," "Facebook," "United Press International," and "Associated Press." According to plaintiff, these outlets reported the untrue statements without first investigating their veracity.

## DISCUSSION

**I.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

Defamation alone is not a constitutional violation, even when done under color of state law. See Paul v. Davis, 424 U.S. 693, 701-710 (1976). Reputation is not a liberty or property interest protected by the Due Process Clause unless it is accompanied by "some more tangible interests." Id. at 701. "[A]lteration or extinguishment of 'a right or status previously recognized by state law,'" Humphries v. County of Los Angeles, 554 F.3d 1170, 1185 (9th Cir. 2009) (quoting Paul v. Davis, 424 U.S. at 711), or violation of a right specifically secured by the Bill of Rights, Cooper v. Dupnik, 924 F.2d 1520, 1532 n.22 (9th Cir. 1991), constitute such "tangible" interests. This has become known as the "stigma-plus" test. Humphries, 554 F.3d at 1185, overruled on other grounds by 562 U.S. 29 (2010). There are several ways to meet the "stigma-plus" test, e.g., alleging that the injury to reputation caused the denial of a federally protected right, or alleging that the injury to reputation was inflicted in connection with a federally protected right, or alleging that the challenged action "creates both a stigma and a tangible burden on an individual's ability to obtain a right or status recognized by state law." Humphries, 554 F.3d at 1188; Cooper, 924 F.3d at 1532. The stigma-plus test cannot be met by alleging collateral consequences of the defamation, such as loss of business, public scorn and potential loss of employment, see Cooper, 924 F.2d at 1534.

Here, the complaint alleges that defendants made and/or broadcast untrue statements, which might with liberal construction suffice to state a state law tort claim for defamation. However, the complaint does not state a Section 1983 defamation claim because it does include allegations to satisfy the "stigma" or the "plus" parts of the stigma-plus test. That is, the complaint (a) does not allege that the allegedly defamatory statements injured plaintiff's reputation and (b) does not allege that the injury to reputation caused the denial of a federally protected right, or was inflicted in connection with a federally protected right, or created both a stigma and a tangible burden on plaintiff's ability to obtain a right or status recognized by state law. Leave to amend will be granted so that plaintiff may make these allegations. He is cautioned that he cannot merely allege there was a property or liberty interest – he has to identify what that the property or liberty interest was. Plaintiff must also provide dates and locations for the alleged incidents.

1   There is also a problem with the defendants. Apart from the Oakland Police Department, plaintiff has not named as defendants any law enforcement officer or other governmental entity or employee. A private individual or organization does not act under color of state law, an essential element of a Section 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under Section 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private actors. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Accordingly, defendants "Safeway Store Manager," "Safeway Stores, Inc.," "Bay Area Channels 2, 4, 5, and 7," "Sacramento Channels 3, 10, and 13," "Alameda News," "Internet," "Facebook," "United Press International," and "Associated Press" are DISMISSED with prejudice.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants "Safeway Store Manager," "Safeway Stores, Inc.," "Bay Area Channels 2, 4, 5, and 7," "Sacramento Channels 3, 10, and 13," "Alameda News," "Internet," "Facebook," "United Press International," and "Associated Press" are DISMISSED with prejudice. The Clerk shall terminate them as defendants on the court docket.

2. Plaintiff's claims against the Oakland Police Department are dismissed with leave to amend.

3. Within **twenty-eight (28) days** from the date of this Order, plaintiff may, but is not required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 15-0099 JST (PR), and the heading "AMENDED COMPLAINT." Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

1  4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
2 informed of any change of address by filing a separate paper with the Clerk headed "Notice of
3 Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do
4 so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
5 Civil Procedure 41(b).
6  5. The Clerk of the Court shall provide plaintiff with a blank civil rights complaint
7 form.
8  **IT IS SO ORDERED.**
9 Dated: May 26, 2015



JON S. TIGAR
United States District Judge

5