UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROYALTON MCCAMEY,

   Plaintiff,

v.

OAKLAND POLICE DEPT.,

   Defendant.

Case No. 15-cv-00099-JST (PR)

**ORDER OF DISMISSAL**

On November 28, 2014, plaintiff, who was then an inmate at the San Francisco County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Subsequent to filing the complaint, plaintiff informed the Court that he had been released and was residing in San Francisco. On May 26, 2015, the Court dismissed the complaint with leave to amend, explaining the deficiencies in the complaint that needed to be cured. Plaintiff has filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In his original complaint, plaintiff alleged that the Oakland Police Department, along with various private actors and media outlets, made statements that plaintiff had "robbed, assaulted, carjacked, and kidnapped people." Dkt. 2 at 3. According to plaintiff, these statements prompted an unnecessary "Amber Alert" and placed his life in danger, along with the lives of his daughter and granddaughter. *See id.* He did not provide dates or locations for the alleged incident(s).

In the Court's order of dismissal with leave to amend, it was explained to plaintiff that defamation alone is not a constitutional violation. Plaintiff was advised that to allege a constitutional violation, the loss of reputation much be accompanied by a more tangible interest such as alteration or extinguishment of a right or status secured by state law or by the Bill of Rights. This has become known as the "stigma-plus" test. Humphries v. County of Los Angeles, 554 F.3d 1170, 1185 (9th Cir. 2009). The Court also advised plaintiff that a Section 1983 claim cannot be brought against private actors and dismissed all defendants other than the Oakland Police Department.

2

1  In his amended complaint, plaintiff has not alleged the elements of a "stigma-plus" claim.
2  Rather, he names the same private defendants that were previously dismissed and repeats his
3  allegations that he was wrongfully reported to be connected with various crimes, causing him
4  humiliation and personal difficulties.  As stated in the order of dismissal with leave to amend, the
5  stigma-plus test cannot be met by alleging collateral consequences of the defamation, such as loss
6  of business, public scorn, and potential loss of employment.  See Cooper v. Dupnik, 924 F.2d
7  1520, 1534 (9th Cir. 1991).  Moreover, despite being instructed to do so, plaintiff again fails to
8  provide dates or locations for the alleged incident(s), making it difficult to discern the basic
9  contours of plaintiff's claim.  In sum, the amended complaint fails to correct the deficiencies in the
10  first.

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED because the amended complaint fails to state a cognizable claim for relief.  Further leave to amend will not be granted because the Court already has explained to plaintiff the specific deficiencies in his pleading, and he has been unable or unwilling to correct them.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated:  October 28, 2015

_____
JON S. TIGAR
United States District Judge